IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY R. HARPER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-6149 |
| | : | |
| v. | : | |
| | : | |
| CITY HALL, DIVISION OF VITAL RECORDS, CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                               December 20, 2016

The *pro se* plaintiff, an inmate in a state correctional institution, has brought an action based on allegations that Pennsylvania's Department of Vital Records (the "Department") issued him an incorrect birth certificate and failed to correct the certificate. The issue of his actual birthdate is of particular significance to the plaintiff insofar as he is apparently attempting to prove that he qualifies for sentencing relief under the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

The court dismissed the original complaint without prejudice because the plaintiff (1) failed to include any factual allegations to support his claim of racial discrimination under Title VI of the Civil Rights Act of 1964, and (2) could not assert a cause of action under 42 U.S.C. § 1983 against the Department because it is a part of the Commonwealth of Pennsylvania and not subject to suit under section 1983. Currently before the court is the plaintiff's amended complaint. Unfortunately, the amended complaint does not rectify any of the deficiencies noted in the original complaint and it otherwise fails to state a claim. Therefore, the court will dismiss

the amended complaint and will not provide the plaintiff with leave to file a second amended complaint.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Tony R. Harper, a prisoner at State Correctional Institution – Laurel Highlands, commenced this action by filing an application to proceed *in forma pauperis* and a proposed complaint that the clerk of court docketed on December 1, 2016.[1] Doc. No. 1. In the initial complaint, the plaintiff alleges that he was born on October 31, 1958, yet the Division of Vital Records issued him a birth certificate that inaccurately reflected his birthdate as December 6, 1955. *See* Complaint ("Compl.") at ECF p. 3. The plaintiff is seeking a corrected birth certificate because he is attempting to prove that he was a juvenile at the time of his state offenses so he can take advantage of the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which prohibited the mandatory sentencing of juvenile offenders to life without the possibility of parole, and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which allowed courts to apply *Miller* retroactively to cases on state collateral review. The plaintiff appeared to claim that by failing to issue him a corrected birth certificate, the Department discriminated against him based on his race, in violation of Title VI of the Civil Rights Act of 1964. *See* Compl. at ECF pp. 3-6.

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it).
    Here, the plaintiff declares that he submitted the complaint to prison officials on November 4, 2016. *See* Complaint at ECF p. 9. While the court would ordinarily adopt this declaration to constitute the date of filing, there are documents attached to the complaint with dates coming after November 4, 2016, and these documents show that it is impossible for the plaintiff to have provided the complaint to prison officials on November 4, 2016. *See id.* at ECF p. 11 (showing waiver of service signed by the plaintiff on November 14, 2016). As such, the court has referenced the date of docketing instead of the date of filing as it is unnecessary to ascertain the precise filing date at this time.

As the plaintiff was seeking to proceed *in forma pauperis*, the court reviewed the allegations in the complaint under 28 U.S.C. § 1915 and entered an order on December 1, 2016. Doc. No. 2.  In the order, the court granted the application to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim insofar as the plaintiff failed to allege sufficient facts to state a plausible claim under Title VI. *Id.*  The court also determined that the plaintiff, to the extent he intended to raise claims under 42 U.S.C. § 1983, failed to allege facts to plausibly establish that a state actor violated his constitutional rights.  *Id.*  Moreover, the court pointed out that the Department is a branch of the Pennsylvania Department of Health, rather than a municipal entity, and that departments of the Commonwealth of Pennsylvania are not subject to suit under section 1983.  *Id.*  Although the court provided the plaintiff with leave to file an amended complaint, the court observed that the issue with his birth certificate and whether he qualified under *Miller* was before the Honorable Jan E. DuBois as part of the plaintiff's habeas petition.  *Id.* (referencing *Harper v. Wenerowicz*, E.D. Pa. Civ. A. No. 12-2809).  Judge DuBois had recently appointed counsel to represent the plaintiff in the habeas action.  *Id.*

The plaintiff filed an amended complaint that the clerk of court docketed on December 13, 2016.  Doc. No. 4.  The plaintiff has identified "City Hall, Division of Vital Records" and the City of Philadelphia (the "City") as the defendants in the caption.  *Id.*  Despite his reference to City Hall, the plaintiff indicates in the body of the complaint that "my intention is to sue the Pennsylvania Department of Health which is a department of Vital Records."  Amended Compl. at 1.

The plaintiff alleges that the Department "committed [f]raud" by issuing him a birth certificate that inaccurately reflects his birth date.  *Id.*  He also alleges that the City owned

3

Philadelphia General Hospital and it "acted in bad faith when [it] refuse[d] to disclose plaintiff's hospital [records]." *Id.* The plaintiff contends that the City denied his request for hospital records in violation of the Right to Know Act and the Department rejected his request for hospital records and failed to "inform [him] that these records were mishandle[d]." *Id.* at 2. The amended complaint does not identify the particular relief the plaintiff is seeking in this action, although in the original complaint he sought a corrected birth certificate and a "sum of money that will make them check there [sic] records before committing to this information." Complaint at ECF p. 6.

## II. DISCUSSION

### A. Standard of Review

As the plaintiff is proceeding *in forma pauperis*, the court must "dismiss the case at any time if the court determines that-- . . . (B) the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions to dismiss. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). While conducting this review, the court must

liberally construe the allegations in the complaint. *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

### B.  Analysis

After reviewing the amended complaint, the court finds that the plaintiff has not set forth a plausible claim within the court's jurisdiction.  As with the initial complaint, there are simply no factual allegations in the amended complaint that would provide a plausible basis to conclude that the defendants intentionally discriminated against the plaintiff because of his race in violation of Title VI.  *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001).  To the extent that the plaintiff is pursuing a claim under section 1983, he has also failed to plausibly allege that a state actor violated his constitutional or federal rights to maintain such a claim.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").  In any event, the Department, a branch of the Pennsylvania Department of Health, is not subject to suit under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  Moreover, even if the plaintiff possibly pleaded a constitutional violation, he has not alleged that a municipal policy or custom caused the violation so as to state a claim against the City.  *See Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To the extent that the plaintiff is raising claims under Pennsylvania's Right to Know Law, he has not established a basis for diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *Id.* Section 1332(a)(1) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, it appears that the parties are all Pennsylvania citizens and it is unclear that the amount in controversy exceeds $75,000. *See Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) ("[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."); *Mailey v. Southeastern Pa. Transp. Auth.*, 104 F. App'x 224, 226 (3d Cir. 2004) (concluding that the City of Philadelphia is a Pennsylvania citizen for purposes of diversity jurisdiction). Accordingly, the court lacks subject-matter jurisdiction over any state law claims.

### C.  Leave to Amend

As the court is dismissing the plaintiff's amended complaint, the court must also address whether to provide him with leave to amend the complaint. A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). The court has already provided the plaintiff with leave to file an amended complaint after dismissing

the original complaint. As the court cannot discern a likely basis for the plaintiff to assert a plausible claim within the court's jurisdiction, the court will not provide the plaintiff with leave to file a second amended complaint because doing so would be futile.[2]

### III.   CONCLUSION

For a second time, the plaintiff has failed to state a claim that would entitle him to relief based on his allegation that the Department issued him an incorrect birth certificate and then refused to correct it. In addition, the court lacks subject-matter jurisdiction over any claims by the plaintiff relating to any purported failure by the City to comply with Pennsylvania's Right to Know Law. Accordingly, the court will dismiss this action with prejudice.

An appropriate order follows, which the court shall docket separately.

BY THE COURT:



_____
EDWARD G. SMITH, J.

---

[2] The day after the court received the amended complaint, the Philadelphia District Attorney's Office filed a status report in the plaintiff's habeas case. *See Harper v. Wenerowicz, et al.*, No. CIV. A. 12-2809, Doc. No. 24. In this report, the District Attorney's Office takes the position that the plaintiff was born on October 31, 1955. *Id.* If the plaintiff disagrees with this position, he may communicate with his court-appointed counsel, Arianna Freeman, Esquire, from the Federal Community Defender Office, as she is in the best position to assist him.